IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| GRACIELA DELGADO,             § | |
|     Plaintiff,             § | |
| v.                             § | NO.  EP-3-14-CV-00067-RFC |
|                                § | |
| CAROLYN W. COLVIN,             § | |
| Acting Commissioner of Social Security § | |
| Administration,                § | |
|     Defendant.           § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

## PROCEDURAL HISTORY

On May 25, 2011,  Plaintiff filed her applications for DIB and SSI, alleging a disability onset date of February 1, 2011, due to depression, anxiety and pain all over her body.  (R:20, 163-182, 204) Her applications were denied initially and on reconsideration.  (R:20, 53-56) Plaintiff filed a request for a hearing, which was conducted on August 14, 2012.  (R:36-52, 74-75)  The Administrative Law Judge ("ALJ") issued a decision on October 22, 2012, denying benefits.  (R:20-30)  The Appeals Council  denied review.  (R:1-8)

**ISSUES**

Plaintiff contends that the ALJ should have found Plaintiff's right ankle injury to be a severe impairment and that the resulting limitations should have been included in the ALJ's residual functional capacity ("RFC") finding. (Doc. 21:2, 4) If the ALJ had limited Plaintiff's ability to stand and/or walk for extended periods or to use foot pedals in his RFC determination, Plaintiff would have been found unable to perform her past relevant work and thus disabled pursuant to Medical Vocational Guidelines ("Grid") Rules 201.09 and 202.09. The Plaintiff argues that the record does not contain substantial evidence to support the ALJ's finding that Plaintiff is not disabled, and a faulty RFC finding taints all remaining steps in the sequential evaluation. Such prejudicial error requires this case to be remanded for an award of benefits or, in the alternative, for additional administrative proceedings. (Doc. 21:4-5) Defendant responds that the ALJ used the proper legal standards, and that substantial evidence supports the ALJ's findings and conclusions. (Doc. 22:6)

**DISCUSSION**

*I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the

issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had severe impairments of: depression, anxiety, and a personality disorder. (R:22) He found Plaintiff's right ankle injury, assorted myalgias, headaches, and gastroesophageal reflux disease to be non-severe impairments. *Id*. The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled one of the listed impairments. (R:25) After considering the entire record, he determined that Plaintiff retained the RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations. She can understand, carry out and remember simple instructions and make commensurate work related decisions, respond appropriately to supervisions and co-workers and work situations, deal with routine changes in work setting, maintain concentration, persistence and pace for up to and including two hours at a time with normal breaks throughout the workday. Further, she is capable of only low stress work, which [the ALJ defined] as requiring only occasional decision making and occasional changes in work setting. In addition, [Plaintiff could] have only

occasional interaction with the public.

(R:25-26) The ALJ determined that Plaintiff retained the capacity to perform her past relevant work as a sewing machine operator, which is light and unskilled work. (R:29, 49) Consequently, he found that she was not disabled through the date of his decision. (*Id.*)

### *III. The ALJ's Determination of Plaintiff's Residual Functional Capacity*

Residual functional capacity is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529

In the instant case, Plaintiff relies primarily on her own testimony and some medical evidence to assert that her right ankle injury should have been deemed to be a severe impairment. She testified that she wore a brace on her right ankle due to pain. (R:44) She further testified that she can only walk

about a block and cannot stand for longer than fifteen minutes. (R:45) Earlier, she had reported that her conditions affected her ability to stand and walk. (R:222) In a disability report, she indicated that her right foot pain was getting worse and that her foot hurts when she walks for a long time. (R:246)

As part of making his determination, the ALJ assessed Plaintiff's credibility and subjective complaints of pain and limitation. It was within his broad discretion to weigh the evidence and make credibility choices. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). Based on his review, the ALJ determined that Plaintiff's medically determinable impairments could be expected to cause some of her alleged symptoms but that her statements concerning the nature, severity, and limiting effects of her symptoms and functional limitations were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (R:29) Such a decision was within the ALJ's discretion and is supported by the evidence.

A review of the entire record reveals that substantial evidence exists to support the ALJ's step two finding that Plaintiff's right ankle impairment is not severe along with his RFC determination in this case. An emergency room record dated February 21, 2011 reveals that Plaintiff missed a step on some stairs and twisted her right foot and fell down. (R: 344) An x-ray taken on that date shows no fracture or subluxation of the right foot, and superior and interior calcaneal spurs, which might be associated with pain. (R:347) Another x-ray taken of the right ankle taken on the same date showed the following impressions: no fracture or dislocation of the right ankle. (R:346) Medical records indicate that on April 4, 2011, Cary T. Dieter, D.C., from lst Choice Treatment Clinic treated Plaintiff for a twisted and sprained right ankle. (R:437) Plaintiff was released to work without restrictions on April 6, 2011. (*Id.*) Plaintiff's disability report reveals that a face-to-face interview was conducted on May 25, 2011, and that during the interview no deficits with Plaintiff's sitting, standing, and walking were noted. (R:192-193)

On July 13, 2011, Plaintiff was examined by Peter Fernandez, Ph.D., who performed a consultative examination. (R:275, 279) Plaintiff was noted to walk without difficulty. (R:277) In activities of daily living, Plaintiff indicated that she was independent in dressing, bathing and feeding. (*Id.*) She was also able to sweep, mop, cook, wash dishes and clothes, shop for a small amount of groceries, and operate a motor vehicle. (*Id.*) The ALJ relied on Plaintiff's daily activities in finding that she was not as limited as she alleged. (R:26) The ALJ can consider daily activities when evaluating subjective complaints. *See Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995).

Dr. Eleje's consultative examination on July 21, 2011, revealed that Plaintiff's pain did not correspond to findings on examination. (R:283-284) She could hop, squat, pick up a pen, and button her clothes, and she could spontaneously move all extremities. (*Id.*) Dr. Eleje's conclusion was that Plaintiff had no limitations with sitting, standing, handling objects, moving about, lifting, carrying, hearing, or speaking. (*Id.*)

The ALJ considered the findings of Dr. Eleje and Dr. Fernandez, along with the evaluations of the non-examining physicians and found, *inter alia*, that Plaintiff was capable of performing light work. (R:23-27, 285) The record amply demonstrates that the ALJ evaluated Plaintiff's right knee impairment once Plaintiff proved, by medical signs or laboratory findings, that a medically determinable impairment could reasonably produce Plaintiff's symptoms. *See* 20 C.F.R. § 404.1529(c). The ALJ concluded that the impairment was not severe inasmuch as it was only a slight abnormality having such a minimal effect on Plaintiff that it would not be expected to interfere with her ability to work, irrespective of age, education or work experience. (R:22); *see also Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Such a conclusion is consistent with the record and is supported by substantial evidence in this case.

Finally, the ALJ relied on the testimony of a vocational expert ("VE") to support his conclusion

that Plaintiff was able to perform her past relevant work as a sewing machine operator. (R:29) It is apparent that the hypothetical question posed to the VE was proper, and included the relevant limitations. (R:25-26, 49-50) A VE's testimony, based on a properly phrased hypothetical question, constitutes substantial evidence, and provides further support for the ALJ's decision in this case. *Bowling v. Shalala,* 36 F.3 431, 436 (5th Cir. 1994).

Plaintiff relies on an MRI, taken on May 16, 2011, as objective evidence that she does have an impairment that should have been considered severe to support her step two argument. (Doc. 24:1, 2; R:336) She argues that the MRI showed:

1. Osteochondral injury lateral aspect of the dome of the talus measuring 1.2 cm with no osteochondritis fragment.

2. Lateral collateral ligament sprain with the anterior and posterior synovitis and possible impingement.

3. Partial tear of the deep component Deltoid ligament complex.

4. Sinus Tarsi syndrome.

5. Bone marrow contusion edema neck and anterior process of the talus.

(R:336) Furthermore, Plaintiff emphasizes, her earlier x-ray was not completely normal as it did show superior and inferior calcaneal spurring "which may be associated with pain." (Doc. 24:2; R:346) Plaintiff argues that her ankle injury was severe, should have been considered as such, and accommodated in the ALJ's RFC determination in combination with her other impairments. The faulty RFC determination requires reversal. (Doc.24:2)

Unfortunately for Plaintiff, the MRI report and the x-rays fail to support disability because they do not indicate what functional limitations stemmed from the right ankle impairment. (R:336, 346-347) The mere presence of an impairment does not establish disability *per se*. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). To whatever degree the isolated evidence highlighted by Plaintiff might

detract from the weight of the rest of the evidence in the record, it falls far short of that required to establish a no-substantial-evidence claim.  Plaintiff's evidence fails to preponderate against the ALJ's determination, must less establish a "conspicuous absence of credible choices" or "contrary medical evidence."  *See Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). Plaintiff has failed to meet her burden of proof at step two.

Review of the objective medical evidence supports the ALJ's step two finding and RFC determination.  Thus, it was not necessary to proceed to Grid Rules 201.09 and 202.09.  Plaintiff's subjective complaints are insufficient to support her claims of disability.  Consequently, the Court finds that substantial evidence supports the ALJ's step two finding and RFC determination.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on November 16, 2015.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE